166 So. 732

## CLARK v. LOEB HARDWARE CO.

### 3 Div. 782.

Court of Appeals of Alabama.

March 3, 1936.

Rehearing Denied March 17, 1936.

L. A. Sanderson, of Montgomery, for appellant.

Foster & Foster, of Montgomery, for appellee.

BRICKEN, Presiding Judge.

This suit was based on an account under the common counts. The defendant pleaded in short by consent the general issue with leave to give in evidence testimony in support of any special defense, as if well pleaded.

In the court below the case was heard and determined by the court without a jury.

We have carefully read and considered the entire record and all the evidence adduced upon the trial, and as we see it but one point of decision is presented for our consideration on this appeal; and that question is whether or not there was sufficient evidence before the trial court to warrant and authorize said court to render judgment for plaintiff for the amount sued for plus interest to the date of the judgment. A judgment to that extent was rendered by the court, against the defendant, after having heard and considered the evidence which was given ore tenus before the court.

From the evidence there appears no dispute as to the correctness of the account, the subject of this suit. Nor is there any claim to the effect that the account has been paid. The insistence is made, however, that with exception of certain items, admittedly due, and unpaid by appellant, the account was due plaintiff by the Dixie Dry Goods Company, which was owned by one Clark, and operated by said Clark and his wife, Mrs. Clark being the daughter of Hamilton (deceased) against whom this suit was originally brought. The evidence also shows that Clark and his wife lived in the home with her father, Mr. Hamilton. This stated insistence was the controverted question upon the trial of this case in the court below.

A discussion or recital of the evidence in this case can serve no good purpose. It is sufficient to say that the evidence has been carefully considered, and we are of the

opinion that the weight of same and its tendencies supported the conclusion of the trial court.

·In passing upon the controlling point of decision,· above indicated, this court must be governed by the well-settled rule and must accord to the judgment rendered by the trial court the verity and weight given to a verdict of a jury. The general rule is where evidence was taken ore tenus before the court without a jury, the judgment rendered will not be disturbed unless it affirmatively appears that the conclusion and judgment are plainly contrary to the great weight of the evidence.

Finding no error, the judgment rendered by the court below, from which this appeal was taken, will stand affirmed.

Affirmed.